UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUCINDA HARDEN

                      Plaintiff,

v.                                                   Civil Action No. _____

CACH, LLC AND THE LAW OFFICES OF
KEVIN Z. SHINE

                      Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Lucinda Harden is a natural person residing in the County of Cattaragus and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant CACH, LLC ("CACH") is a foreign business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant The Law Office of Kevin Z. Shine ("Kevin Z. Shine") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. That at all times relevant herein, Kevin Z. Shine acted as agent for CACH.

9. That all of the acts of Kevin Z. Shine alleged herein were done within the scope of their agency relationship with CACH.

10. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

11. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff incurred a credit card debt with MBNA America. This debt will be referred to as "the subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. That Plaintiff thereafter defaulted on the subject debt.

15. That sometime after Plaintiff defaulted on the subject debt, Defendant CACH acquired the debt.

16. That upon information and belief Defendant, Kevin Z. Shine was employed by Defendant, CACH to collect on the subject debt.

17. That on or about July 28, 2014, Defendant, Kevin Z. Shine, filed a complaint in Olean City Court against Plaintiff, in an attempt to collect on the subject debt on behalf of Defendant CACH.

18. That when the above action was commenced in Olean City Court by Defendants, Plaintiff resided at 29 Church Street, Delavan, New York 14042.

19. That Defendants action is improperly venued. The proper venue for the commencement of a legal action to collect a debt against a consumer is the location where the contract was signed or where the consumer resides. The contract was not signed in Olean nor does the consumer reside in Olean.

20. That N.Y. Uniform City Court Act §213 states that in money actions, either the Defendant or the Plaintiff must be a resident of the city in which the action was commenced or reside in a town contiguous to that city.

21. That since the Plaintiff neither resides in the City of Olean nor does she reside in a town contiguous to the City Court of Olean, the lawsuit was improper as City Court of Olean never obtained personal jurisdiction over the Plaintiff

22. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

23. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692i(a)(2) and 15 U.S.C. §1692e(5) by filing a legal action against the Plaintiff for the subject debt in the city court of Olean.

25. That Defendant, CACH, is liable for all of the acts of Defendant, Kevin Z. Shine, as alleged in this complaint pursuant to the laws of agency.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

3

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 28, 2014

_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
        khiller@kennethhiller.com